ACCEPTED
01-15-00816-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/28/2015 2:46:29 PM
CHRISTOPHER PRINE
CLERK

| | |
|---|---|
| Appellate Docket Number: | 01-15-00816-CV |
| Appellate Case Style: | The Landing Community Improvement Association, Appellant |
| Vs. | Paul T. Young, Appellee |
| Companion Case No.: | |

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/28/2015 2:46:29 PM
CHRISTOPHER A. PRINE
Clerk

Amended/corrected statement:

## DOCKETING STATEMENT (Civil)

Appellate Court: 1st Court of Appeals

(to be filed in the court of appeals upon perfection of appeal under TRAP 32)

| I. Appellant | II. Appellant Attorney(s) |
|---|---|
| ☐ Person  ☒ Organization  (choose one) | ☒ Lead Attorney |
| Organization Name: The Landing Comm. Imp. Ass'n | First Name: Christopher |
| First Name: | Middle Name: Ramirez |
| Middle Name: | Last Name: Mugica |
| Last Name: | Suffix: |
| Suffix: | Law Firm Name: Jackson Walker L.L.P. |
| Pro Se: ◯ | Address 1: 100 Congress Avenue, Suite 1100 |
| | Address 2: |
| | City: Austin |
| | State: Texas   Zip+4: 78701-4042 |
| | Telephone: 512.236.2016   ext. |
| | Fax: 512.391.2133 |
| | Email: cmugica@jw.com |
| | SBN: 24027554 |

| I. Appellant | II. Appellant Attorney(s) |
|---|---|
| ☐ Person  ☒ Organization  (choose one) | ☐ Lead Attorney |
| Organization Name: The Landing Comm. Imp. Ass'n | First Name: Courtney |
| First Name: | Middle Name: Taylor |
| Middle Name: | Last Name: Carlson |
| Last Name: | Suffix: |
| Suffix: | Law Firm Name: Jackson Walker L.L.P. |
| Pro Se: ◯ | Address 1: 1401 McKinney, Suite 1900 |
| | Address 2: |

| | City: Houston |
| --- | --- |
| | State: Texas    Zip+4: 77010-4037 |
| | Telephone: 713.752.4239    ext. |
| | Fax: 713.308.4139 |
| | Email: ccarlson@jw.com |
| | SBN: 24065004 |

| I. Appellant | II. Appellant Attorney(s) |
| --- | --- |
| ☐ Person  ☒ Organization (choose one) | ☐ Lead Attorney |
| Organization Name: The Landing Comm. Imp. Ass'n | First Name: Michael |
| First Name: | Middle Name: J. |
| Middle Name: | Last Name: Treece |
| Last Name: | Suffix: |
| Suffix: | Law Firm Name: Treece Law Firm |
| Pro Se: ◯ | Address 1: 1020 Bay Area Blvd,. Suite 200 |
| | Address 2: |
| | City: Houston |
| | State: Texas    Zip+4: 77058-2692 |
| | Telephone: 281.667.3100    ext. |
| | Fax: 281.667.3101 |
| | Email: mike@treecelaw.com |
| | SBN: 20207300 |

| III. Appellee | IV. Appellee Attorney(s) |
| --- | --- |
| ☒ Person  ☐ Organization (choose one) | ☒ Lead Attorney |
| | First Name: Christoper |
| First Name: Paul | Middle Name: |
| Middle Name: T. | Last Name: Johnson |
| Last Name: Young | Suffix: |
| Suffix: | Law Firm Name: Lyons & Plackemeier, P.L.L.C |
| Pro Se: ◯ | Address 1: 518 9th Avenue North |
| | Address 2: P.O. Box 2789 |
| | City: Texas City |
| | State: Texas    Zip+4: 77592-2789 |
| | Telephone: 409.948.3401    ext. 2 |
| | Fax: 409.945.9814 |
| | Email: chris@lyonsplack.com |
| | SBN: 24069999 |

| III. Appellee | IV. Appellee Attorney(s) |
| --- | --- |
| ☒ Person  ☐ Organization (choose one) | ☐ Lead Attorney |
| | First Name: Ronald |
| First Name: Paul | Middle Name: M. |

| | |
|---|---|
| Middle Name: T. | Last Name: Hall |
| Last Name: Young | Suffix: |
| Suffix: | Law Firm Name: Ron Hall, Attorney at Law |
| Pro Se: ◯ | Address 1: 2830 Triway Lane |
| | Address 2: |
| | City: Houston |
| | State: Texas    Zip+4: 77043-1809 |
| | Telephone: 832.969.7335    ext. |
| | Fax: 281.532.6494 |
| | Email: rhall@ronhallattorney.com |
| | SBN: 00787627 |

## V. Perfection Of Appeal And Jurisdiction

Nature of Case (Subject matter or type of case): Other

Date order or judgment signed: June 18, 2015       Type of judgment: Jury Trial

Date notice of appeal filed in trial court: September 8, 2015

If mailed to the trial court clerk, also give the date mailed:

Interlocutory appeal of appealable order: ☐ Yes ☒ No

If yes, please specify statutory or other basis on which interlocutory order is appealable (See TRAP 28):

Accelerated appeal (See TRAP 28): ☐ Yes ☒ No

If yes, please specify statutory or other basis on which appeal is accelerated:

Parental Termination or Child Protection? (See TRAP 28.4): ☐ Yes ■ No

Permissive? (See TRAP 28.3): ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Agreed? (See TRAP 28.2): ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Appeal should receive precedence, preference, or priority under statute or rule: ☐ Yes ☒ No

If yes, please specify statutory or other basis for such status:

Does this case involve an amount under $100,000? ☐ Yes ☒ No

Judgment or order disposes of all parties and issues: ☒ Yes ☐ No

Appeal from final judgment: ☒ Yes ☐ No

Does the appeal involve the constitutionality or the validity of a statute, rule, or ordinance? ☐ Yes ☒ No

## VI. Actions Extending Time To Perfect Appeal

| | | | |
|---|---|---|---|
| Motion for New Trial: | ☒ Yes ☐ No | If yes, date filed: | June 30, 2015 |
| Motion to Modify Judgment: | ☒ Yes ☐ No | If yes, date filed: | June 30, 2015 |
| Request for Findings of Fact and Conclusions of Law: | ☐ Yes ☒ No | If yes, date filed: | |
| Motion to Reinstate: | ☐ Yes ☒ No | If yes, date filed: | |
| Motion under TRCP 306a: | ☐ Yes ☒ No | If yes, date filed: | |
| Other: | ☐ Yes ☒ No | | |

If other, please specify:

## VII. Indigency Of Party: (Attach file-stamped copy of affidavit, and extension motion if filed.)

| | | | |
|---|---|---|---|
| Affidavit filed in trial court: | ☐ Yes ☒ No | If yes, date filed: | |
| Contest filed in trial court: | ☐ Yes ☐ No | If yes, date filed: | |

Date ruling on contest due:

Ruling on contest: ☐ Sustained   ☐ Overruled   Date of ruling:

## VIII. Bankruptcy

Has any party to the court's judgment filed for protection in bankruptcy which might affect this appeal?   ☐ Yes   ☒ No

If yes, please attach a copy of the petition.

Date bankruptcy filed: [ ]                    Bankruptcy Case Number: [ ]

## IX. Trial Court And Record

Court:    56th Judicial District

County:  Galveston

**Trial Court Docket Number (Cause No.):**  13-cv-0293

Trial Judge (who tried or disposed of case):

First Name:    Lonnie

Middle Name:

Last Name:    Cox

Suffix:

Address 1:      600 59th Street, Suite 3302

Address 2 :

City:              Galveston

State:    Texas                    Zip + 4:   77551-4196

Telephone:    409.766.2226            ext.

Fax:    409.770.5264

Email:   Kay.Hamilton@co.galveston.tx.us

Clerk's Record:

Trial Court Clerk:    ☒ District   ☐ County

Was clerk's record requested?    ☒ Yes   ☐ No

If yes, date requested:   September 18, 2015

If no, date it will be requested:  [ ]

Were payment arrangements made with clerk?

☒ Yes ☐ No ☐ Indigent

**(Note: No request required under TRAP 34.5(a),(b))**

Reporter's or Recorder's Record:

Is there a reporter's record?        ☒ Yes ☐ No

Was reporter's record requested?      ☒ Yes ☐ No

Was there a reporter's record electronically recorded?  ☐ Yes ☒ No

If yes, date requested:  July 17, 2015

If no, date it will be requested:  [ ]

Were payment arrangements made with the court reporter/court recorder?  ☒ Yes ☐ No ☐ Indigent

☒ Court Reporter       ☐ Court Recorder
☐ Official       ☐ Substitute

First Name:      Dale

Middle Name:      W.

Last Name:      Lee

Suffix:

Address 1:      600 59th Street, Suite 3203

Address 2:

City:      Galveston

State:      Texas      Zip + 4:      77551-4178

Telephone:      409.766.2227      ext.

Fax:      409.770.5264

Email:      Dale.Lee@co.galveston.tx.us

## X. Supersedeas Bond

Supersedeas bond filed: ☐ Yes   ☒ No      If yes, date filed:

Will file: ☒ Yes   ☐ No

## XI. Extraordinary Relief

Will you request extraordinary relief (e.g. temporary or ancillary relief) from this Court?      ☐ Yes   ☒ No

If yes, briefly state the basis for your request:

## XII. Alternative Dispute Resolution/Mediation (Complete section if filing in the 1st, 2nd, 4th, 5th, 6th, 8th, 9th, 10th, 11th, 12th, 13th, or 14th Court of Appeal)

Should this appeal be referred to mediation?      ☐ Yes   ☒ No

If no, please specify:

Has the case been through an ADR procedure?      ☒ Yes   ☐ No

If yes, who was the mediator?   Pamela S. Hoerster

What type of ADR procedure?      Mediation

At what stage did the case go through ADR?      ☒ Pre-Trial   ☐ Post-Trial   ☐ Other

If other, please specify:

Type of case?      Injunction and assorted tort claims

Give a brief description of the issue to be raised on appeal, the relief sought, and the applicable standard for review, if known (without prejudice to the right to raise additional issues or request additional relief):

Appellant seeks reversal of the Judgment primarily because the tort claims are barred and there is legally and/or factually insufficient evidence to support the jury's findings.

How was the case disposed of?      Trial

Summary of relief granted, including amount of money judgment, and if any, damages awarded.   Judgment for Young for IIED; Exterior Maintenance Guidelines invalid.

If money judgment, what was the amount? Actual damages:      $100,000.00

Punitive (or similar) damages:

Attorney's fees (trial): $90,000.00

Attorney's fees (appellate): $60,000.00

Other:

If other, please specify:

Will you challenge this Court's jurisdiction? ☐ Yes ☒ No

Does judgment have language that one or more parties "take nothing"? ☒ Yes ☐ No

Does judgment have a Mother Hubbard clause? ☒ Yes ☐ No

Other basis for finality? Final Judgment issued June 18, 2015

Rate the complexity of the case (use 1 for least and 5 for most complex): ☐ 1 ☐ 2 ☒ 3 ☐ 4 ☐ 5

Please make my answer to the preceding questions known to other parties in this case. ☐ Yes ☒ No

Can the parties agree on an appellate mediator? ☐ Yes ☒ No

If yes, please give name, address, telephone, fax and email address:

| Name | Address | Telephone | Fax | Email |
|---|---|---|---|---|
| | | | | |

Languages other than English in which the mediator should be proficient:

Name of person filing out mediation section of docketing statement: Christopher Mugica

## XIII. Related Matters

List any pending or past related appeals before this or any other Texas appellate court by court, docket number, and style.

Docket Number: 01-15-00500-CV          Trial Court: 56th Judicial District

Style: Paul T. Young

Vs. William Heins

## XIV.  Pro Bono Program: (Complete section if filing in the 1st, 3rd, 5th, or 14th Courts of Appeals)

The Courts of Appeals listed above, in conjunction with the State Bar of Texas Appellate Section Pro Bono Committee and local Bar Associations, are conducting a program to place a limited number of civil appeals with appellate counsel who will represent the appellant in the appeal before this Court.

The Pro Bono Committee is solely responsible for screening and selecting the civil cases for inclusion in the Program based upon a number of discretionary criteria, including the financial means of the appellant or appellee.  If a case is selected by the Committee, and can be matched with appellate counsel, that counsel will take over representation of the appellant or appellee without charging legal fees.  More information regarding this program can be found in the Pro Bono Program Pamphlet available in paper form at the Clerk's Office or on the Internet at www.tex-app.org.  If your case is selected and matched with a volunteer lawyer, you will receive a letter from the Pro Bono Committee within thirty (30) to forty-five (45) days after submitting this Docketing Statement.

Note: there is no guarantee that if you submit your case for possible inclusion in the Pro Bono Program, the Pro Bono Committee will select your case and that pro bono counsel can be found to represent you.  Accordingly, you should not forego seeking other counsel to represent you in this proceeding.  By signing your name below, you are authorizing the Pro Bono committee to transmit publicly available facts and information about your case, including parties and background, through selected Internet sites and Listserv to its pool of volunteer appellate attorneys.

Do you want this case to be considered for inclusion in the Pro Bono Program?        ☐ Yes  ☒ No

Do you authorize the Pro Bono Committee to contact your trial counsel of record in this matter to answer questions the committee may have regarding the appeal?        ☐ Yes  ☒ No

Please note that any such conversations would be maintained as confidential by the Pro Bono Committee and the information used solely for the purposes of considering the case for inclusion in the Pro Bono Program.

If you have not previously filed an affidavit of Indigency and attached a file-stamped copy of that affidavit, does your income exceed 200% of the U.S. Department of Health and Human Services Federal Poverty Guidelines?        ☒ Yes  ☐ No

These guidelines can be found in the Pro Bono Program Pamphlet as well as on the  internet at http://aspe.hhs.gov/poverty/06poverty.shtml.

Are you willing to disclose your financial circumstances to the Pro Bono Committee?  ☐ Yes  ☒ No

If yes, please attach an Affidavit of Indigency completed and executed by the appellant or appellee.  Sample forms may be found in the Clerk's Office or on the internet at http://www.tex-app.org.  Your participation in the Pro Bono Program may be conditioned upon your execution of an affidavit under oath as to your financial circumstances.

Give a brief description of the issues to be raised on appeal, the relief sought, and the applicable standard of review, if known (without prejudice to the right to raise additional issues or request additional relief; use a separate attachment, if necessary).

See attached Exhibit 1

## XV.  Signature

_____
Signature of counsel (or pro se party)

Date:        September 28, 2015

Printed Name:  Christopher R. Mugica

State Bar No.:  24027554

Electronic Signature:  /s/ Christopher R. Mugica
    (Optional)

## XVI. Certificate of Service

The undersigned counsel certifies that this docketing statement has been served on the following lead counsel for all parties to the trial court's order or judgment as follows on  September 28, 2015  .

_____
Signature of counsel (or pro se party)

Electronic Signature: /s/ Christopher R. Mugica
(Optional)

State Bar No.:  24027554

Person Served

Certificate of Service Requirements (TRAP 9.5(e)): A certificate of service must be signed by the person who made the service and must state:

    (1) the date and manner of service;
    (2) the name and address of each person served, and
    (3) if the person served is a party's attorney, the name of the party represented by that attorney

Please enter the following for each person served:

Date Served: September 28, 2015

Manner Served: eServed

First Name: Christopher

Middle Name:

Last Name: Johnson

Suffix:

Law Firm Name: Lyons & Plackemeier, P.L.L.C

Address 1: 518 9th Avenue

Address 2: P.O. Box 2789

City: Texas City

State Texas      Zip+4: 77592-2789

Telephone: 409.948.3401    ext. 2

Fax: 409.945.9814

Email: chris@lyonsplack.com

If Attorney, Representing Party's Name: Paul T. Young

Please enter the following for each person served:

Date Served: September 28, 2015

Manner Served: eServed

First Name: Ronald

Middle Name: Milton

Last Name: Hall

Suffix:

Law Firm Name: Ron Hall, Attorney at Law

Address 1: 2830 Triway Lane

Address 2:

City: Houston

State Texas    Zip+4: 77043-1809

Telephone: 832.969.7335    ext.

Fax: 281.532.6494

Email: rhall@ronhallattorney.com

If Attorney, Representing Party's Name: Paul T. Young

# EXHIBIT 1

The Trial Court's judgment should be reversed because: (1) litigation immunity bars all tort claims against Appellant; (2) the Trial Court improperly excluded essential testimony regarding other sources of Appellee's alleged mental anguish suffered due to the "stress" of enduring litigation; (3) the Trial Court allowed improper testimony in support of Appellee's mental anguish damages; (4) the Trial Court failed to properly apply Texas law to enforce Texas Property Law regarding deed restrictions, community guidelines, and powers vested in Homeowners Associations by the State of Texas, resulting in the submission of an improper charge and instructions to the jury; (5) the Trial Court improperly awarded attorneys' fees when no cause of action supports such an award; (6) the judgment failed to properly apply settlement credits due to Appellant; (7) damages awarded in the judgment were based upon late-designated evidence which should have been excluded from trial; (8) the judgment should provide that each party will bear its own costs; and (9) there is legally and/or factually insufficient evidence to support the jury's finding of intentional infliction of emotional distress or any resulting mental anguish or emotional distress.

There are multiple appellate issues in this case with varying standards of review including de novo, abuse of discretion and the standards for reviewing legally and/or factually insufficient evidence.

14644536